[*General Term, October,* 1872.]

## F. J. MAYER, TREASURER OF HAMILTON COUNTY, *v.* THE CINCINNATI GERMAN BUILDING ASSOCIATION, No. 1.

Under the provisions of sections 38 and 114 of the tax law, 2 S. & C. 1454, 1476, a county treasurer can not maintain a civil action against a delinquent tax-payer, but must pursue the remedy required by said section 38, and obtain a rule upon the tax debtor through and upon the notice prescribed therein to be served upon such delinquent.

*Forrest & Lindemann,* for plaintiff in error.

*Stallo & Kittredge,* for defendant in error.

YAPLE, J.   This is a petition in error, prosecuted to reverse the judgment of this court rendered at Special Term, upon sustaining a demurrer to the petition.

The petition states that the plaintiff is the treasurer of Hamilton county; that the defendant is an Ohio corporation located in said county; that on and before the third Monday in May, 1871, it was possessed of personal property of the value of $35,500 liable to taxation in said county; that such property was duly listed for taxation for

the year 1871; that the amount of the tax levied upon it was $788.10, which amount became due and payable on December 20, 1871, the defendant having failed to avail itself of the option given it by law to pay the one-half thereof on the said 20th day of December, 1871, and that said amount, with the statutory penalty, $31.53, was then due to the plaintiff from the defendant, which the defendant, though often requested, had wholly failed to pay, for all of which, with costs, the plaintiff asked judgment. The suit was brought and summons issued on March 20, 1872. The summons is in the usual form of such writs in civil actions. On it is indorsed the amount claimed to be due, $819.69; but it nowhere states for what the money is claimed to be due.

The defendant demurred to the petition on the grounds: 1. That the plaintiff had no authority to sue; and, 2. That the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff.

When the demurrer was sustained, the plaintiff did not ask to amend, but submitted to a judgment against him upon the pleadings; and the question now presented is, was such judgment erroneous?

Because the plaintiff was treasurer and authorized by law to receive, keep, and disburse all taxes, it does not follow that he had the right to sue for and recover them in a court of justice, as persons may do who have rights of action belonging to them as individuals. Treasurers, like other officers created by law, have just such rights and powers as the law vests them with, and none other; and where the law prescribes the mode in which they shall proceed in a given class of cases, they must substantially pursue that mode. Special statutory remedies in such cases must be pursued in the manner prescribed by statute. This, plaintiff's counsel do not question, but they maintain that this petition can be sustained under section 38 of the tax act, 2 S. & C. 1454, and section 114, p. 1476, of the same act.

The last section provides, that when one-half of the taxes,

etc., shall not be paid on or before the 20th day of December next, after they shall have been charged, etc., the county treasurer shall proceed to collect the same by distress or *otherwise, as may at the time be prescribed by law*, etc., with five per cent. penalty, etc., and further providing that if the December half tax be not paid, the entire tax for the year shall be due.

Section 38 provides, that, if the county treasurer shall be unable to collect (such tax) by distress or *otherwise*, etc., he shall apply *to the clerk of the court of common pleas* in his county, at any time *after his annual settlement with the county auditor*, whereupon such *clerk* shall cause a *notice* to be served upon such (tax debtor), requiring him, *forthwith*, to show cause *why he should not pay such taxes;* and if he shall fail to show a sufficient cause, said court, *at the term* to which said notice is *returnable*, shall enter a *rule* against him for the payment of such taxes and the *cost of such proceeding*, which rule shall have the force and effect of a judgment at law and be enforced by *attachment*, or execution, or *such process as may be directed by the court*. We presume this last clause would allow the enforcement of the rule, by proceedings for contempt, which could not be done upon a mere execution. The plaintiff contends that the petition and summons in this case substantially amount to the special statutory remedy prescribed by such 38th section.

We think not. The summons issues from the court *through* the clerk, not *from* the clerk by virtue of his office alone, at the sole requirement of the county treasurer under the special statute. Besides, it says not a word about any taxes. The statutory notice would have to state with sufficient fullness and particularity the nature of the demand for taxes, and require the party to show cause, *forthwith*, why he should not pay such taxes, and be made returnable to a *term* of the court. It would have to purport to come from the clerk as the clerk of the court of *common pleas*, in pursuance of the statute in such case made

Mayer, etc.. *v* Cincinnati German Building Association, No. 1.

and provided. No separate petition as the foundation of the demand, as in civil cases, would be necessary; but the rule would be granted or refused upon the writ or notice, and against the demand stated in the notice, the tax debtor would be required to show cause. The *cost* of the two proceedings might be very different.in amount. This proceeding is but another name for a *scire facias*, which is the plaintiff's *pleading*, and to which the defendant is to answer, or show cause against it. Where a statute prescribes *scire facias* as the remedy, a party surely could not sue in assumpsit, or maintain a bill in equity; and, especially, where the entire right of recovery is given and regulated by statute. The statute, then, from which the plaintiff derives all his rights in the premises and which prescribes his remedy, has not been attempted to be pursued in this case. Section 90, page 1468, of the same act, prescribes a given remedy by the treasurer in certain classes of cases, to which the one now before us does not belong. And 2 S. & C. 1587, sec. 18, gives a county treasurer a right to sue in his own name, in a civil action (*debt*), where, after making settlement with the county auditor, he shall stand charged with any unpaid taxes for which he has not received credit. This merely subrogates him to the right of the state for such taxes and looks to him personally for them. It has no application to this case.

We hold, then, that upon the facts stated in this petition the plaintiff has no right to maintain this suit against the defendant in his own name, and that it states no cause of action in his favor against the defendant.

The judgment will, therefore, be affirmed.